13-4554-cv
*Coleman v. City of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of September , two thousand and fourteen.

PRESENT: JOHN M. WALKER,
     RICHARD C. WESLEY,
        *Circuit Judges,*
     JOHN F. KEENAN,
        *District Judge,*[*]

VINCENT COLEMAN,

        *Plaintiff-Appellant,*

  -v.-                    13-4554-cv

CITY OF NEW YORK, POLICE OFFICER MELISSA D. LENTO, POLICE OFFICER MARGARET MERENDINO,

[*] The Honorable John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

*Defendants-Appellees,*

JOHN DOES, A-F, the names "Doe" being fictitious and intended to represent those supervisors or other decision makers who set or determined the policy, practice or decision for the CITY OF NEW YORK to maliciously and falsely prosecute Plaintiff, SERGEANT KENNETH TINAJERO,

*Defendants.*

FOR APPELLANTS: MICHAEL P. MANGAN, Mangan Ginsberg, LLP, New York, NY.

FOR APPELLEES: ZACHARY W. CARTER, Corporation Counsel of the City of New York (Richard Dearing, Kristin M. Helmers, Janet L. Zaleon, *on the brief*), New York, NY.

Appeal from the United States District Court for the Eastern District of New York (Eric N. Vitaliano, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the judgment is **AFFIRMED** in part and

**VACATED** and **REMANDED** in part.

Plaintiff-Appellant Vincent Coleman appeals from an October 24, 2013

Memorandum and Order of the United States District Court for the Eastern

District of New York (Vitaliano, *J.*) granting summary judgment in favor of all

Defendants on all claims. On appeal, Coleman challenges only the grant of

2

summary judgment on his abuse of process and malicious prosecution claims to the City of New York and individual Defendants, Officer Lento and Officer Merendino.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues for review.

First, under § 1983, an abuse of process claim in New York "lies against a defendant who (1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse or justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." *Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir. 1994); *accord Savino v. City of New York*, 331 F.3d 63, 69-70 (2d Cir. 2003).

Coleman argues that the two officers sought to punish him, and suggests, *citing Savino*, 331 F.3d at 77, that this motive to punish constitutes a "collateral objective." (Pl. Mem. Opp. 14, Dkt. No. 38; Br. at 33).  This interpretation is inapposite to *Savino*, which holds that "it is not sufficient for a plaintiff to allege that the defendants were seeking to retaliate against him by pursuing his arrest and prosecution.  Instead, he must claim that they aimed to achieve a collateral purpose beyond or in addition to his criminal prosecution." 331 F.3d at 77.  As such, retaliation for some offense will not suffice as a collateral motive for the

3

purposes of an abuse of process claim, and Coleman alleges no alternative motive. The district court thus properly granted summary judgment on the abuse of process claim.

Second, as to the malicious prosecution claim, the only issue presented on appeal is whether the district court correctly found probable cause for Coleman's arrest, thus defeating a claim for malicious prosecution. *Stansbury v. Wertman*, 721 F.3d 84, 94-95 (2d Cir. 2013) ("[T]he existence of probable cause is a complete defense to a claim of malicious prosecution" (quoting *Manganiello v. City of New York*, 612 F.3d 149, 161-62 (2d Cir. 2010)). The record, including Coleman's own testimony, establishes that as to two charges—unlawfully fleeing from a police officer and obstruction of governmental administration—there indisputably was probable cause and thus the district court properly dismissed Coleman's claims of malicious prosecution as to those charges.

Summary judgment should not have been granted, however, on the claim of malicious prosecution on the charge of assault. "The question of whether or not probable cause existed may be determinable as a matter of law if there is no dispute as to the pertinent events and the knowledge of the officers . . . ." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996). "Where the question of whether an

4

arresting officer had probable cause is predominantly factual in nature, as where there is a dispute as to the pertinent events, the existence *vel non* of probable cause is to be decided by the jury." *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997). We have held that "[a]ssessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment." *Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996).

Here, the district court impermissibly assessed the credibility of the witnesses in finding that, as a matter of law, probable cause existed to prosecute Coleman for assaulting Officer Merendino with his car mirror as he drove off. Coleman did not simply deny the claim that his car hit Officer Merendino; rather he offered specific testimony contradicting the officers' version of the events. Furthermore, the officers' testimony about Coleman's car hitting Officer Merendino included several internal inconsistencies, including where on her body Officer Merendino was injured and whether Officer Lento was in a position to have seen the actual assault—as she testified. Based on this evidence, if Coleman were credited, a reasonable jury could find that the officers did not have probable cause to prosecute Coleman on the assault charge. Accordingly,

we vacate the district court's grant of summary judgment to defendants on Coleman's claim of malicious prosecution on the assault charge.

We have considered all of Plaintiff's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is **AFFIRMED** in part and **VACATED** and **REMANDED** in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk