16-915
Coleman v. City of New York, et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION 'SUMMARY ORDER'). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of April, two thousand seventeen.

PRESENT: JOHN M. WALKER, JR.,
         DENNIS JACOBS,
         BARRINGTON D. PARKER,
                        <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

VINCENT COLEMAN,
        <u>Plaintiff–Appellant</u>,

        -v.-                                    16-915

THE CITY OF NEW YORK, POLICE OFFICER
MELISSA D. LENTO, POLICE OFFICER
MARGARET MERENDINO,
        <u>Defendants–Appellees</u>.*

- - - - - - - - - - - - - - - - - - - -X

---

\* The Clerk of Court is respectfully directed to amend the official caption to conform with the above.

1

**FOR PLAINTIFF-APPELLANT:** MICHAEL P. MANGAN; Mangan Ginsberg LLP, New York, NY.

**FOR DEFENDANTS-APPELLEES:** MAX O. MCCANN, Fay Ng <u>for</u> Zachary W. Carter, Corporation Counsel fo the City of New York.

Appeal from the judgment of the United States District Court for the Eastern District of New York (Vitaliano, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Vincent Coleman appeals from the judgment of the district court (Vitaliano, <u>J.</u>) dismissing his claim for malicious prosecution brought under 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

In January 2009, Vincent Coleman was pulled over by officers Margaret Merendino and Melissa Lento for failing to yield to oncoming traffic while making a left turn. The details of his interaction with the officers at the stop are unclear and some are disputed; but it is undisputed that Coleman identified himself as a retired officer, that the exchange became contentious, that Coleman told Officer Merendino to call a supervisor, and that Coleman abruptly drove away when he believed Merendino was "stalling" him. According to Officer Merendino, the side mirror on Coleman's car struck her as Coleman drove away, knocking her to the ground. (Officer Lento corroborates Merendino's account, but whether she was in a position to see is disputed.) Merendino and Lento returned to their patrol car and followed Coleman with their lights and sirens on. Coleman stopped again several blocks away. Merendino and Lento waited for a sergeant to arrive, and then Coleman was arrested.

Coleman was charged with two counts of assault in the second degree (one count for the use of a deadly instrument--his vehicle--and one count because the alleged victim was a police officer); one count of assault in the third degree; one count of obstructing governmental administration; one count of unlawful fleeing of a police officer in the third degree; one

2

count of reckless endangerment in the second degree; one count of reckless driving; three violations for failure to obey traffic signals; and one violation for speeding. The day after his arrest, Coleman was arraigned and released without bail. A few months later, in May 2009, the prosecutor moved to dismiss the two second-degree assault counts (which were the only felony counts). The reasons the prosecutor stated on the record were that this was Coleman's first arrest, Officer Merendino was not seriously injured, and the complainant was amenable to dismissal. The other non-traffic criminal counts were dismissed on speedy trial grounds in December 2010. The traffic offenses (including misdemeanor reckless driving) remained until Coleman accepted an adjournment in contemplation of dismissal ("ACD") in January 2011.

Coleman filed this suit against the officers; relevant to this appeal, he pleaded claims of malicious prosecution under 42 U.S.C. § 1983. The district court granted summary judgment in favor of the defendants, ruling that the malicious prosecution claims failed because the officers had probable cause to bring the charges. On appeal, we affirmed in part but vacated the dismissal with respect to malicious prosecution on the assault charges. 585 F. App'x 787 (2d Cir. 2014). We concluded that the malicious prosecution claims were properly dismissed with respect to the other charges because "there indisputably was probable cause" for them; but, because Coleman denied striking Merendino with his mirror, the existence of probable cause for the assault charges turned on a disputed issue of fact. Id. at 788-89. We remanded for further proceedings solely on a claim of malicious prosecution for the assault charges.

On remand, defendants moved in limine to dismiss the malicious prosecution claim on the grounds that (1) Coleman did not receive a favorable termination of the two counts of assault that the prosecutor moved to dismiss, and (2) even though there was a favorable termination in the misdemeanor assault due to a speedy trial dismissal, Coleman could not show an independent deprivation of liberty resulting from the prosecution of any of the assault charges. With notice to Coleman, the district court converted the motion to a summary judgment motion and granted it. Coleman brought the instant appeal.

3

We review the district court's grant of summary judgment de novo, drawing all inferences in favor of the non-moving party. Young v. Cty. of Fulton, 160 F.3d 899, 901, 902 (2d Cir. 1998).

The elements of malicious prosecution under § 1983 are "substantially the same" as the elements under New York law, and "the analysis of the state and the federal claims is identical." Boyd v. City of N.Y., 336 F.3d 72, 75 (2d Cir. 2003) (quotation marks omitted). "To establish a malicious prosecution claim under New York law, a plaintiff must prove (1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." Manganiello v. City of N.Y., 612 F.3d 149, 161 (2d Cir. 2010) (internal quotation marks omitted).

Because a malicious prosecution claim brought under § 1983 is grounded in the Fourth Amendment, see Albright v. Oliver, 510 U.S. 266, 274-75 (1994), the plaintiff must also establish another element in addition to the state tort requirements: a post-arraignment[1] deprivation of liberty that rises to the level of a constitutional "seizure." See id.; Singer v. Fulton County Sheriff, 63 F.3d 110, 116 (2d Cir. 1995).

Coleman fails to show such a seizure, so we need not consider favorable termination. Since Coleman was released without bail after his arraignment, the only post-arraignment deprivation of liberty he suffered was the ongoing requirement of appearing in court (more than a dozen times over two years). That might be sufficient, see Rohman v. N.Y.C. Transit Auth., 215 F.3d 208, 215-16 (2d Cir. 2000), except that it is not solely attributable to the assault charges, which are the only remaining charges for which Coleman could have a malicious prosecution claim.

---

[1] The tort of malicious prosecution relates to deprivations of liberty pursuant to legal process--meaning either post-arraignment or as a result of arrest pursuant to warrant. Deprivations of liberty from the moment of warrantless arrest until arraignment are not pursuant to legal process, and therefore implicate the separate tort of false arrest. Singer v. Fulton Cty. Sheriff, 63 F.3d 110, 116-17 (2d Cir. 1995).

4

Even if the assault charges had never been, Coleman still would have had the obligation to appear on account of the other criminal charges (which cannot support a malicious prosecution claim, because they were indisputably supported by probable cause) and the traffic code violations (which cannot support a malicious prosecution claim because they were terminated unfavorably to Coleman by ACD).  It is Coleman's burden to show a post-arraignment deprivation of liberty that resulted from the prosecution that he alleges was unsupported by probable cause; he has not sustained it.

Accordingly, and finding no merit in appellant's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK